IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL TURZIAK, )
)
Plaintiff, )
)
v. ) No. 05 C 1719
)
MASTERFOODS USA, INC., )
)
Defendant. )

MEMORANDUM

Masterfoods USA, a division of Mars, Incorporated ("Mars," incorrectly sued as "Masterfoods USA, Inc.") has filed its Notice of Removal to bring this action, brought against it by Michael Turziak ("Turziak"), from the Circuit Court of Cook County to this District Court. This memorandum is issued sua sponte to address one aspect of the Notice and the propriety of the removal itself.

As Notice ¶3 reflects, Mars' counsel has deliberately avoided compliance with this District Court's LR 81.2, based on (1) some aspects of the opinion in Rubel v. Pfizer, Inc., 361 F.3d 1016 (7th Cir. 2004) and (2) the good faith belief that the amount in controversy satisfies the over-$75,000 floor required to establish federal diversity jurisdiction (in that respect, Notice ¶¶1 and 2 have properly addressed the diversity-of-citizenship issue as between the parties). Although that course of conduct runs counter to the still-extant LR 81.2, this Court will not remand this case to the state court for that reason--a

ruling that would most likely occasion a proper removal farther down the line at the cost to Mars of another $250 filing fee.[1]

Accordingly this Court is simply issuing its customary initial scheduling order contemporaneously with the issuance of this memorandum. But if Turziak, either on his own motion or in response to a discovery request by Mars, were hereafter to advise that it was never his intention to seek damages in excess of $75,000 (Complaint ¶8 and its Ex. A speak of seeking damages in excess of $50,000, an assertion included to fit certain provisions of the Illinois court rules), this Court would be constrained to remand this action to the Circuit Court for lack of subject matter jurisdiction.

                                           _/s/ Milton I. Shadur_
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: March 30, 2005

---

[1] Like Mars and its counsel, this Court regards it as highly probable that the incident described in the Complaint connotes a claim well in excess of the requisite jurisdictional amount, something that Turziak and his counsel have been barred from asserting in the Complaint because of an Illinois statutory restriction. But the purpose of LR 81.2 has been and remains to create a level playing field between plaintiffs and defendants in the removal context, under which a plaintiff who wishes to remain in the state court system is free to advance a more modest claim. However improbable that may be in this instance, no plaintiff should be deprived of that opportunity by the teaching of some Seventh Circuit decisions that would prohibit any post-removal submissions by plaintiffs along those lines.